```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


COLONY NATIONAL INSURANCE,      :    CIVIL ACTION
COMPANY,                        :    NO. 09-2916
                                :
          Plaintiff,            :
                                :
          v.                    :
                                :
UHS CHILDREN SERVICES,          :
INC., et al.,                   :
                                :
          Defendants.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                             SEPTEMBER 11, 2009

I.   BACKGROUND

        Plaintiff Colony National Insurance Co. ("Plaintiff") is in the business of selling property and casualty insurance to commercial policyholders.  Plaintiff's principal place of business of business is located in Richmond, Virginia.  However, Plaintiff regularly conducts business in the State of Tennessee.

        Defendants UHS Children Services, Inc. d/b/a Universal Health Services, Inc. ("UHS") and Chad Youth Enhancement Center, Inc. ("Chad"), (collectively "Defendants"), own and operate a behavioral health center in Ashland, Tennessee.  Chad is a Tennessee corporation with its principal place of business located in Ashland, Tennessee, whereas UHS is a Delaware corporation with its principal place of business located in King of Prussia, Pennsylvania.

        Plaintiff filed the instant action for declaratory

judgment against Defendants relating to the scope of coverage of an insurance policy issued to Defendants by Plaintiff. Defendants are currently defendants in a wrongful death lawsuit pending in this district concerning alleged negligence with respect to the use of improper restraint and improper force while Omega Leach, III was detained in the Chad youth detention center in Ashland, Tennessee (the "Underlying Action").[1]  The complaint in the Underlying Action seeks both compensatory and punitive damages.

Defendants have multiple layers of general liability insurance and Plaintiff provides Defendants with a second level excess policy for the policy period April 30, 2007 through April 30, 2008, with limits of $10 million per occurrence in excess of Defendants' self-insured retention and first level excess policy (the "Colony Policy").  The first named insured on the Colony Policy is UHS.  Chad is an additional named insured on the Colony Policy.

On June 11, 2009, Defendants filed a complaint against Plaintiff in the Middle District of Tennessee(the "Tennessee Action").[2]  In the Tennessee Action, Defendants seek a declaratory

---

[1] This case currently is pending before the Honorable Mitchell Goldberg and is styled as <u>Paulette M. Dolby as the administratrix of the Estate of Omega Leach, III v. Universal Health Services, Inc. et al.</u>,07-5288.

[2] Defendants subsequently amended this complaint on June 24, 2009.

judgment as to the applicability of the coverage provided pursuant to the Colony Policy with respect to punitive damages. The Defendants also assert claims for breach of contract and violation of certain Tennessee consumer protection statutes.

Fourteen days later, on June 25, 2009, Plaintiff filed the complaint in this action seeking a declaratory judgment as to (1) whether the Colony Policy provides coverage with respect to punitive damages that may be awarded in the Underlying Action, and (2) whether the Colony Policy requires coverage where the Defendants' first level excess insurance is not exhausted.

On July 10, 2009 Plaintiff filed a motion in the Middle District of Tennessee seeking to have the Tennessee Action transferred to this district (the "Transfer Motion"). The Transfer Motion currently is pending in the Middle District of Tennessee. On the same day, Defendants filed a motion to dismiss this action on the ground that the "first-filed" rule mandates that this action be litigated in the Middle District of Tennessee.

II.  APPLICABLE LAW

Under the "first-filed" rule applied in the Third Circuit in cases of concurrent federal jurisdiction, the court which first has possession of the subject must decide it. EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988); Crosley Corp.

v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941).  Exceptions to the rule are "rare."  EEOC, 850 F.2d at 976.  In order to depart from the rule, a showing of "exceptional circumstances" is generally required.  Id. at 979.  Established exceptions to the first-filed rule include (1) forum shopping; (2) bad faith; (3) the second-suit having developed further than the initial suit; and (4) the first-filing party acting in anticipation of an imminent suit in a less favorable forum.  Id. at 976-77; Koresko v. Nationwide Life Ins. Co., 403 F. Supp. 2d 394, 399 (E.D. Pa. 2005).  "On balance, due consideration to the orderly administration of justice counsels in favor of ordinarily respecting the first-filed rule."  Koresko, 403 F. Supp. 2d at 400; see EEOC, 850 F.2d at 979 (emphasizing that application of the first-filed rule is the norm rather than the exception).

III. DISCUSSION

Defendants argue that since the Tennessee Action involves identical parties and the same subject matter, the first-filed rule dictates that the present action be dismissed to allow the Tennessee Action to proceed in the original forum. Plaintiff responds that in light of the Underlying Litigation in the Eastern District of Pennsylvania, it is more practical and expedient to have the present suit litigated in the same forum.

The first-filed rule applies to the current action

since the parties are identical, both suits solely concern the interpretation of the provisions of the Colony Policy,[3] and the complaint in the Tennessee Action was filed 14 days prior to Plaintiff's complaint.[4]  Furthermore, there is no indication that exceptional circumstances exist to justify a departure from the first-filed rule.

---

[3]  The complaint filed in the Tennessee Action and the current complaint essentially are identical, except that Plaintiff's complaint seeks an additional declaratory judgment as to whether exhaustion of Defendants' first level of insurance is required to trigger Plaintiff's obligations under the Colony Policy.  This additional issue does not create such a significant divergence in subject matter to negate the application of the first-filed rule since the substance of both issues involves interpretation of the terms of the Colony Policy.  See Villari Brandes & Kline v. Plainfield Specialty Holdings II, Inc., No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009) (citing Shire U.S., Inc. v. Johnson Mattney, Inc., 543 F. Supp. 2d 404, 409 (E.D. Pa.2008)) (finding the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align; rather the rule applies where the subject matter substantially overlaps); GlaxoSmithKline Consumer Healthcare v. Merix Pharm. Corp., No. Civ. A. 05-898, 2005 WL 1116318, *9 (D.N.J. May 10, 2005) ("The crucial inquiry of the first-filed rule is whether the issues substantially overlap; there is no requirement that the issues or the parties be identical.") (internal citation omitted).  Defendants note that this exhaustion issue currently is undisputed, and even if it becomes disputed Plaintiff is entitled to adjudicate it as a counterclaim for declaratory relief in the Tennessee Action.

[4]  Courts recognize the date of the original complaint, rather than any amended complaints, as the determinative date for purposes of the first-filed rule.  See e.g., Schering Corp. v. Amgen, Inc., 969 F. Supp. 258, 267 (D. Del. 1997) (noting that the point of inquiry for the first-filed rule is the original complaint and not the amended complaint); Plating Ress., Inc. v. UTI Corp., 47 F. Supp. 2d 899, 904 (N.D. Ohio 1999) (internal citations omitted).

First, significant contacts exist with Tennessee which render it an appropriate forum, including that the Colony Policy (1) was issued to a Tennessee named insured (UHS); (2) includes a Tennessee Company as an insured (Chad); and (3) provides surplus lines insurance coverage pursuant to relevant Tennessee insurance statutes.  See Defs.' Mot. to Dismiss p. 5.  Importantly, there is no indication that the Tennessee Action was filed to obtain a substantive legal advantage pursuant to choice of law principles. See EEOC, 850 F.2d at 978; Kim v. Kim, 324 F. Supp. 2d 628, 636 (E.D. Pa. 2004) (refusing to depart from the first-filed rule where no evidence existed that plaintiff filed in a particular forum "to avoid unhelpful law or benefit from favorable law"). Therefore, a charge of bad faith or forum shopping is inapplicable under these circumstances.

Second, the Tennessee Action and the current suit were filed only 14 days apart and are both still in the pleadings phase.  Moreover, the Tennessee Action has progressed further in that an initial case management order has been entered.  Thus, there is no justification to depart from the first-filed rule on the basis that this proceeding has advanced further in comparison to the Tennessee Action.

Third, there is no indication that the Tennessee Action constitutes an improper anticipatory filing.  Although courts view actions for declaratory judgment instituted shortly before a

second-filed action with caution, "some evidence that a first-filed case was filed for the purpose of forum shopping or bad faith is necessary before courts find it was improperly anticipatory."  Koresko, 403 F. Supp. 2d at 401.  Here, the basic nature of the coverage action necessitates that the relief sought by the Defendants in the Tennessee Action be in the form of a declaratory judgment.  Moreover, a wrongful anticipatory filing generally is sufficient to warrant a departure from the first-filed rule only in the context of a "race to the courthouse" to gain an advantage. See EEOC, 850 F.2d at 977 (refusing to apply the first-filed rule where the original suit was filed in response to an imminent subpoena enforcement action); FMC Corp. v. AMVAC Chem. Co., 379 F. Supp. 2d 733, 744-45 (E.D. Pa. 2005) (departing from the first-filed rule where the first-filer commenced suit during ongoing settlement negotiations within the response time of the opposing side's cease-and-desist letter in an effort to circumvent the jurisdiction of the latter court); PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co., Civ. A. No. 09-896, 2009 WL 2326750, *6-9 (E.D. Pa. July 28, 2009) (finding that a first-filed suit intended to preempt a civil action during settlement negotiations constituted "procedural gamesmanship" which justified departure from the first-filed rule).

Here, there is no evidence indicating that the parties had initiated settlement discussions prior to the commencement of

the Tennessee Action.  Plaintiff provides no evidence suggesting that Defendants anticipated that Plaintiff intended to file the instant action at the time Defendants filed the original complaint.

Finally, Plaintiff's argument that convenience and efficiency militate in favor of departure from the first-filed rule is unavailing.  The Defendants' choice of forum is reasonable and will not unduly burden Plaintiff's ability to litigate this matter.  The current litigation involves a purely contractual dispute between the parties and is secluded from the factual issues prevalent in the Underlying Action.  Plaintiff's principal contention with respect to the judicial economy of preserving this action in the Eastern District of Pennsylvania rather than Tennessee relates to the availability of witnesses.  This argument is more appropriate in the context of the Transfer Motion and does not create the "exceptional circumstances" necessary to justify departure from the first-filed rule.[5]

Plaintiff requests that in the alternative to dismissing the case, the Court should delay its ruling until the resolution of the Transfer Motion so that if the Transfer Motion is granted, the Tennessee Action can be consolidated with the

---

[5] Defendants raise a claim for violation of Tennessee statutory law which would have to be adjudicated as a compulsory counterclaim in the current action.  The application of Tennessee law by this Court constitutes a valid consideration with respect to Plaintiff's judicial economy argument.

current case.  Once it is determined that the first-filed rule applies, and no relevant exceptions exist, a court may (1) dismiss the case without prejudice, (2) stay the case for the duration of the first-filed matter, or (3) transfer the case to the forum of the first-filed action pursuant to 28 U.S.C. § 1404(a).  Koresko, 403 F. Supp. 2d at 403.  A date for the Transfer Motion has not yet been set but the initial case management order has been entered by the Tennessee court.  It does not appear that dismissing the instant case without prejudice would unduly burden Plaintiff's ability to resume the case in this district if the Transfer Motion is granted.

IV.  CONCLUSION

　　　　For these reasons, Defendants' motion to dismiss shall be granted.  An appropriate order will issue.